**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALLAMERICA FINANCIAL BENEFIT INSURANCE COMPANY,** | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 1:26 cv 9998 |
| **PEACHES BOUTIQUE, LLC** and **ASHLEY BAHENA,** | ) | |
| *Defendants.* | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, **ALLAMERICA FINANCIAL BENEFIT INSURANCE COMPANY, LIMITED** (“**Plaintiff**” or “**AFBI**”), by and through its attorneys, Michael J. Duffy and Jacob C. Beaupre of Wilson Elser Moskowitz Edelman & Dicker LLP, states as follows for its Complaint for Declaratory Judgment against Defendants.

**STATEMENT OF CASE**

1. This action seeks a declaration that AFBI owes no insurance coverage obligations under AFBI policy number Z2C J788866 01 issued to PEACHES BOUTIQUE, LLC (“**PEACHES**”) for claims made against it in the underlying lawsuit filed by underlying plaintiff Ashley Bahena in her individual and representative capacity (“**Bahena**” or “**Underlying Plaintiff**”) in the United States District Court for the Northern District of Illinois styled *Ashley Bahena, individually and as a Representative of Others Similarly Situated v. Peaches Boutique, LLC.*, Case No. 1:26-cv-05943 (“**Underlying Lawsuit**”).

## THE PARTIES

2. AFBI is an insurance company formed under the laws of the State of Michigan with its principal place of business in Michigan.

3. Defendant Peaches is a limited liability company formed under the laws of the State of Illinois with its principal place of business in Illinois and whose members are all Illinois citizens.

4. Defendant Bahena is named herein as a nominally interested party defendant. Defendant Bahena is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendants, who do business or reside within this District, and because this case involves coverage under an insurance policy issued in this District and/or liability insurance claims for a lawsuit pending within this District arising from events that allegedly took place within the geographical boundaries of this District.

## FACTS

7. Underlying Plaintiff filed her Complaint in the Underlying Lawsuit on May 21, 2026. (“**Complaint**”). A true and accurate copy of the Complaint in the Underlying Lawsuit is attached hereto as **Exhibit A**.

8. In the Complaint, Underlying Plaintiff alleges that she is a legally blind resident of Cook County, Illinois, who requires screen-reading software (“JAWS”) to access computer content. *See*, **Ex. A**.

9. Bahena alleges that on April 2, 2026, she visited Peaches' website, peachesboutique.com, intending to purchase a dress but was unable to complete the transaction due to numerous accessibility barriers. *See*, **Ex. A**.

10. The Complaint in the Underlying Lawsuit also alleges that these barriers make the website incompatible with the Web Content Accessibility Guidelines (WCAG) 2.2, a recognized accessibility standard. Bahena alleges she intends to return to the website and complete a purchase once the barriers are remedied, and that she continues to be deterred from doing so. *See*, **Ex. A**.

11. The Underlying Lawsuit is structured as a class action complaint in which Bahena seeks to represent a nationwide class of all legally blind individuals in the United States who have attempted to access the Website and as a result have been denied access to the enjoyment of goods and services offered by the Website, under Federal Rules of Civil Procedure 23(a) and 23(b)(2), or alternatively, 23(b)(3). *See*, **Ex. A**.

12. Bahena pleads two causes of action: (1) violation of Title III of the ADA, 42 U.S.C. § 12182 *et seq.*, alleging that Peaches' website is a place of public accommodation that discriminates against visually impaired individuals by denying equal access and failing to make reasonable modifications or provide auxiliary aids, in violation of 42 U.S.C. §§ 12182(a), (b)(1)(A)(I)-(II), and (b)(2)(A)(II)-(III); and (2) a judicial declaration that Peaches' website violates the ADA. *See*, **Ex. A**.

13. Bahena seeks (1) preliminary and permanent injunctive relief compelling ADA compliance; (2) a declaratory judgment that Peaches' website discriminates against visually impaired individuals; (3) class certification under Rule 23(a) and (b)(2) and/or (b)(3), with Bahena as class representative and her counsel as class counsel; (4) pre- and post-judgment interest; (5)

costs, expenses, and reasonable attorneys' and expert fees; and (6) such other relief as the court deems just. *See*, **Ex. A**.

## AFBI'S POLICY

14. AFBI issued a Small Commercial Policy, policy no. Z2C J788866 01, to Peaches for the policy period of July 27, 2025 to July 27, 2026 (the "Policy"). Subject to its terms, the limits of the Commercial General Liability coverage part are $1 million per occurrence and $2 million in the general aggregate. A true and accurate copy of the Policy is attached hereto as **Exhibit B**.

15. Subject to all its terms, the Policy provides as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

***

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

***

**SECTION V – DEFINITIONS**

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

***

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

***

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

***

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## SMALL COMMERCIAL LIABILITY COMPANION ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

***

## F. Personal and Advertising Injury – Broad Form

***

**4.** For purposes of this endorsement, the following definition is added to **SECTION V – DEFINITIONS:**

**1.** "Discrimination" means the unlawful treatment of individuals based upon race, color, ethnic origin, gender, religion, age, or sexual preference. "Discrimination" does not include the unlawful treatment of individuals based upon developmental, physical, cognitive, mental, sensory or emotional impairment or any combination of these.

***

**SECTION V – AMENDED DEFINITIONS**

**A. SECTION V – DEFINITIONS, 3.** "Bodily injury", **16.** "Products – completed operations hazard", and **17.** "Property damage" are replaced by the following:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

***

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

***

**2. Exclusions**

This insurance does not apply to:

a. Expected or Intended Injury

**Bodily injury** or **property damage** expected or intended from the standpoint of the insured.

This exclusion does not apply to **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property.

*See*, **Ex. B**.

**COUNT I**

**(No "Damages" for "Bodily Injury" or "Property Damage" Caused by an "Occurrence")**

16. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 15 above as if fully set forth herein.

17. The allegations in the Underlying Lawsuit do not concern claims for "damages" for "bodily injury" or "property damage" caused by an "occurrence" as required and defined in Coverage A of the Policy.

18. Therefore, there is no coverage for the claims against Peaches under Coverage A of the Policy and AFBI owes no defense or indemnity to Peaches for the Underlying Lawsuit under Coverage A.

**WHEREFORE**, Plaintiff AFBI respectfully requests that the Court enter the following relief:

A. A declaration finding that AFBI owes no duty to defend or indemnify Peaches under the Policy in connection with the Underlying Lawsuit; and

B. For all such just and equitable relief, including costs of this suit.

**<u>COUNT II</u>**
**(No Damages for "Personal and Advertising Injury")**

19. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 18 above as if fully set forth herein.

20. The allegations in the Underlying Lawsuit do not concern claims for damages for "personal and advertising injury" as required and defined in Coverage B of the Policy.

21. Therefore, there is no coverage for the claims against Peaches under Coverage B of the Policy and AFBI owes no defense or indemnity to Peaches for the Underlying Lawsuit under Coverage B.

**WHEREFORE**, Plaintiff AFBI respectfully requests that the Court enter the following relief:

A. A declaration finding that AFBI owes no duty to defend or indemnify Peaches under the Policy in connection with the Underlying Lawsuit; and

B. For all such just and equitable relief, including costs of this suit.

**COUNT III**
**(Coverage is Excluded)**

22. Plaintiff incorporates and restates the allegations of Paragraphs 1 through 21 above as if fully set forth herein.

23. The Policy excludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

24. The Policy also excludes coverage for "personal and advertising injury" caused by or at the direction of the insured with knowledge that its act would violate the rights of another and would inflict "personal and advertising injury".

25. To the extent "bodily injury" or "property damage" or "personal and advertising injury" are even alleged in the Underlying Lawsuit, coverage is excluded by these provisions.

**WHEREFORE**, Plaintiff AFBI respectfully requests that the Court enter the following relief:

A. A declaration finding that AFBI owes no duty to defend or indemnify Peaches under the Policy in connection with the Underlying Lawsuit; and

B. For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP
*/s/ Michael J. Duffy*

Michael J. Duffy – 619666
Jacob C. Beaupre – 6335547
Wilson Elser Moskowitz Edelman & Dicker LLP
161 North Clark Street-Suite 4500
Chicago, IL 60601
(312) 704-0550 (Main)
Michael.duffy@wilsonelser.com
Jacob.Beaupre@wilsonelser.com